UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW TORRES, for himself and
on behalf of those similarly
situated,

        Plaintiff,

vs.

CASE NO.: 6:17-cv-701-ORL-31GJK

FOODSERVICE REFRIGERATION,
INC., a Florida Corporation,

        Defendant. /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, MATTHEW TORRES for himself and on behalf of those similarly situated ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant FOODSERVICE REFRIGERATION, INC., a Florida Corporation ("FOODSERVICE"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

### PARTIES

3. At all times material to this action, Plaintiff was a resident of Osceola County, Florida.

1

4. At all times material to this action Defendant was, and continues to be, a Florida Corporation. Further, at all times material hereto, Defendant was, and continues to be, engaged in business in Florida, doing business in *inter alia* Broward County.

5. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

6. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

7. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

8. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

9. At all times material to this action, Defendant was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

10. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

11. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including but not limited to computers, office supplies, and refrigeration units.

12. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

13. On or about May 20, 2016, Defendant hired Plaintiff to work as a non-exempt hourly-paid employee for Defendant's business.

14. Plaintiff's job duties included assisting with servicing and installation of refrigeration units.

15. At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a workweek.

16. From at least May 2016 and continuing through October 2016, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

17. Defendant implemented three policies or practices which caused these underpayments or non-payments of overtime.

18. First, Defendant did not include Plaintiff's shift-differential in calculating his regular rate of pay, such that overtime hours paid in weeks in which shift-differentials were paid were not paid at the proper rate. Rather, the overtime rate was simply one and one-half times Plaintiff's hourly rate, and shift-differentials were ignored.

19. Second, Defendant did not include Plaintiff's "per diem" in calculating his regular rate of pay, such that overtime hours paid in weeks in which "per diem" payments were made were not paid at the proper rate. Rather, the overtime rate was simply one and one-half times Plaintiff's hourly rate, and "per diem" payments were ignored.

20. Defendant did not include these per diem amounts in the regular rate even

though the per diem amounts were not connected to the amount of the Plaintiff's actual per diem expenses.

21. Third, even though Defendant agreed that certain travel time hours were outside of the normal commute, and therefore compensable hours worked, it did not pay any overtime premium on travel time hours which were hours over forty (40) in a workweek.

22. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

23. The additional persons who may become Plaintiffs in this action with respect to the claim for unpaid overtime also worked for Defendant in one or more workweeks in the three years preceding the filing of this Complaint as hourly-paid employees assisting in the servicing and installation of refrigeration[1] in Florida, and worked in excess of forty (40) hours during one or more workweeks during the relevant time periods, but did not receive pay at one and one-half times their regular rate for all hours worked in excess of forty (40) hours, due to the policies described in Paragraphs 18 through 21, above.

24. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

25. Defendant has violated Title 29 U.S.C. §207 from at least May 2016 continuing through at least October 2016, in that:

    a. Plaintiff and those similarly situated worked in excess of forty (40)

---

[1] Plaintiff believes these employees were called "helpers" but uses the description in order to ensure that employees who had the same or similar job duties and responsibilities and were subjected to these policies are included, even if he is mistaken as to the title(s) Defendant used for similarly situated employees.

hours in one or more workweeks for the period of employment with Defendant; and

b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff and those similarly situated at the statutory rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA.

26. Defendant's failure and/or refusal to properly compensate Plaintiff and those similarly situated at the rates and amounts required by the FLSA was willful, as Defendant knew, or reasonably should have known, that the regular rate must include shift differentials and per diem payments such as those at issue here; and that overtime premium should be paid on compensable travel time, which the parties had agreed to treat as hours worked.

27. Defendant failed and/or refused to properly disclose or apprise Plaintiff and those similarly situated of his rights under the FLSA.

28. In the last weeks of his employment, Plaintiff worked over 60 hours for which he was not paid.

29. Defendant unilaterally removed certain hours from Plaintiff's pay, based on allegations that Plaintiff was not working during those hours.

30. Defendant's alleged "proof" of Plaintiff not working consists of photographs which did not indicate the length of any break taken and therefore do not prove that Plaintiff is not entitled to compensation for the hours deducted.

31. In addition, Defendant "deducted" the remainder of Plaintiff's paycheck,

allegedly to cover purported insurance premium payments, even though Plaintiff had filled out no insurance paperwork, and had never been insured through the company, nor authorized any such deductions.

32. As a result of these unlawful deductions, Defendant failed to pay Plaintiff the applicable minimum wage, including any applicable overtime minimum wage, for his hours worked in the last weeks of his employment.

33. This conduct violates 29 U.S.C. §206 and §207.

34. Defendant knew or reasonably should have known that its failure to issue any wages to Plaintiff at all for the last weeks of his employment violated the minimum wage and overtime provisions of the FLSA.

35. Plaintiff is owed minimum wage compensation, including any applicable overtime minimum wage compensation, for the last weeks of his employment under the FLSA.

36. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION - COLLECTIVE

37. Plaintiff re-alleges paragraphs 1 through 27 and 36 of the Complaint, as if fully set forth herein.

38. From at least May 2016 and continuing through at least October 2016, Plaintiff, and those similar situated, worked in excess of forty (40) hours in one or more workweeks for which they were not compensated at the statutory rate of one and one-

half times their regular rate of pay.

39. Defendant's failure to pay Plaintiff and those similarly situated proper overtime compensation was the result of Defendant's implementation of unlawful policies and practices with respect to the payment of overtime compensation and the calculation of the overtime rate, as described above in paragraphs 18-21 of the Complaint.

40. Upon information and belief, these policies and practices were equally applicable to Plaintiff and all other hourly-paid employees of Defendant who assisted in the servicing and installation of refrigeration units.

41. Plaintiff and those similar situated were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

42. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff and those similarly situated at the statutory rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek when it knew, or should have known, such was, and is, due.

43. Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

44. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and those similarly situated suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

45. Plaintiff is entitled to an award of reasonable attorneys' fees and costs

pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, for himself and on behalf of those similarly situated requests: conditional certification, pursuant to Section 216(b) of the FLSA, of a class of hourly-paid employees who worked for Defendant assisting in the servicing and installing of refrigeration units in the three years preceding the filing of the complaint in this matter; an order permitting Notice to all potential class members; a Declaration that Defendant's policy violates the FLSA; entry of judgment in Plaintiff's favor and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## UNPAID MINIMUM WAGE - INDIVIDUAL

46. Plaintiff realleges and incorporates paragraphs 1 through 15 and 28 through 36 of the Complaint as if fully set forth herein.

47. In the last weeks of his employment, Plaintiff worked over 60 hours for which he was not paid at all.

48. Defendant unilaterally removed certain hours from Plaintiff's pay, which were hours worked under the definition of same in the FLSA.

49. In addition, Defendant "deducted" the remainder of Plaintiff's paycheck, which was also compensation for hours worked under the definition of same in the FLSA, allegedly to cover purported insurance premium payments, even though Plaintiff had filled out no insurance paperwork, and had never been insured through the company, nor authorized any such deductions.

50. As a result of these unlawful deductions, Defendant failed to pay Plaintiff the applicable minimum wage for his hours worked in the last weeks of his employment.

51. Defendant knew or reasonably should have known that its failure to issue any wages to Plaintiff at all for the last weeks of his employment violated the minimum wage and overtime provisions of the FLSA.

52. Plaintiff is owed minimum wage compensation, including any applicable overtime minimum wage, for the last weeks of his employment under the FLSA, pursuant to 29 U.S.C. §206 and §207.

53. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216 (b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Dated this 18th day of April, 2017.

Respectfully submitted,

Angeli Murthy, Esquire
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, FL 33324
Telephone: 954-318-0268
Facsimile: 954-327-3016
E-mail: Amurthy@forthepeople.com

*Trial Counsel for Plaintiff*